UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **In re:** <br><br> **VICTOR MONDELLI** <br><br> **VICTOR MONDELLI,** *et al.***,** <br><br> Appellants, <br><br> v. <br><br> **NICHOLAS J. DELZOTTI, Chapter 7 Trustee,** *et al.***,** <br><br> Appellees. | Civ. No. 10-3393-WJM <br><br><br> OPINION <br><br> HON. WILLIAM J. MARTINI |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Appellant-Debtor Victor Mondelli and Appellant Anna Mondelli, a purported intervener, (collectively the "Mondellis") move this Court to reconsider its March 29, 2011 Opinion and Order dismissing their appeal of certain bankruptcy court decisions. Their attorney, Kenneth Rosellini, moves separately for this Court to reconsider that portion of the March 29, 2011 Opinion and Order granting sanctions under Federal Rule of Civil Procedure 11 against him and Hallock & Cammarota, LLP, ("H&C") a law firm with which he has some association.[1] The Court construes these motions as motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(i).

      Appellees Jack Silverman Realty & Mortgage, LLC ("JSRM") and Berkeley Realty Partners 244, LLC ("BRP") again move separately for sanctions under Rule 11 against Rosellini, arguing that the motions for reconsideration are frivolous.

      A detailed discussion of the facts and procedural background of this case can be found in this Court's March 29, 2011 Opinion. *In re Mondelli*, No. 10-3393, 2011 WL 1211433 (D.N.J. Mar. 29, 2011). The Court will not repeat those facts

---

[1] The briefs in support of both motions exceed the fifteen-page limit imposed by Local Civil Rule 7.2(b). The Court accepts these briefs in the interest of reaching a timely determination, but also reminds Rosellini of the importance of familiarizing himself with – and complying with – local rules. Failure to comply with the rules could result in further sanctions.

1

here. For the reasons stated below, the Court **DENIES** the motions for reconsideration and also **DENIES** the motion for sanctions.

## I. The Motions to Reconsider

Local Civil Rule 7.1(i) creates a specific procedure by which a party may request that the Court take a second look at any decision "upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." *See generally Dunn v. Reed Group*, Civ. No. 08-1632, 2010 U.S. Dist. LEXIS 2438 (D.N.J. Jan. 13, 2010) (citing treatise). Thus, Local Civil Rule 7.1(i), not Federal Rule of Civil Procedure 59(e), governs motions for reconsideration filed in the District of New Jersey. *Byrne v. Calastro*, Civ No. 05-68, 2006 U.S. Dist. LEXIS 64054 (D.N.J. Aug. 28, 2006). A motion for reconsideration under Local Civil Rule 7.1(i) may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

"It is well-established in this district that a motion for reconsideration is an extremely limited procedural vehicle."*Leja v. Schmidt Mfg., Inc.*, 743 F. Supp. 2d 444, 456 (D.N.J. 2010) (quotation omitted). Relief by way of a motion for reconsideration is considered an "extraordinary remedy," to be granted only sparingly. *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1999). A motion for reconsideration should not be treated as an appeal of a prior decision. *See Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996) ("A party's mere disagreement with a decision of the district court should be raised in the ordinary appellate process and is inappropriate on a motion for reargument." (citing *Bermingham v. Sony Corp.*, 820 F. Supp. 834, 859 n. 8 (D.N.J. 1992), *aff'd*, 37 F. 3d 1485 (3d Cir. 1994))). It is improper for the moving party to "ask the court to rethink what it ha[s] already thought through-rightly or wrongly." *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).

### A. Order Dismissing the Appeals

The Mondellis raise several arguments for why the order dismissing the appeal should be reconsidered: (1) due process compels the Court to review the orders of the Bankruptcy Court regardless of what they refer to as the Third Circuit Court of Appeals's "improperly ruled precedent" regarding appeal from

Bankruptcy Court; (2) they have standing to appeal the Final Decree because the Bankruptcy Court did not issue an appealable order regarding the Final Report and, unlike the Final Decree, the Mondellis had a pecuniary interest in the Final Report; and (3) BRP and JSRM committed fraud on the Court.

The Mondellis' first argument has no merit. That the bankruptcy proceedings produced a result with which Mondelli is unhappy is not a ground for reconsideration. That the Bankruptcy Court allegedly erred in converting Mr. Mondelli's case from Chapter 13 to Chapter 7 in 2004 does not solve the problem that this Court lacks subject matter jurisdiction to hear an appeal of a final order from a Bankruptcy Court six years after it was entered. As the Mondellis recognize, this Court is bound by Third Circuit precedent regarding the timeliness of appeals. That the Mondellis disagree with that precedent is not a ground for reconsideration. And Mondelli fails to show how conversion of the case to Chapter 7 was a violation of his due process rights; this is especially true in light of the fact that the Bankruptcy Court converted the case back to Chapter 13 at the request of Mr. Mondelli only several months later.

And the Mondellis' second argument similarly fails. The Court considered the issue of standing and found that standing was lacking. The Mondellis present nothing to show that the Court committed any error on this point, and their disagreement is not a valid basis for reconsideration.

Finally, the Mondellis have failed to show how BRP and JSRM have perpetrated any fraud on this Court. Even assuming their falsity – which the Mondellis have not shown – the factual allegations made by BRP and JRSM and with which the Mondellis are concerned were not dispositive or relied on by the Court in reaching its March 29, 2011 decision. To the extent the Mondellis feel that fraud has affected related proceedings before other courts, the Mondellis can raise those instance of alleged fraud with those courts.

### B. Order Regarding Rule 11 Sanctions

Rosellini raises three arguments for why this Court should reconsider its order of sanctions against him: (1) the Court erred by holding that the Rule 11 Movants complied with the safe harbor provision of Rule 11; (2) the Court erred by holding that the consent orders were not appealable; and (3) the Court committed "libel" against him by misrepresenting the procedural history of the case in its March 29, 2011 Opinion resulting in a manifest injustice that must be corrected.

3

First, the Court did not commit clear error by holding that the Rule 11 Movants substantially complied with the safe harbor provision.[2] Rosellini presents no binding authority from the Third Circuit Court of Appeals or other courts showing how this Court erred. *Cannon v. Cherry Hill Toyota, Inc.*, 190 F.R.D. 147 (D.N.J. 1999) is neither binding nor is it analogous because there the party moving for sanctions produced no evidence that it provided the party-to-be-sanctioned with any notice of the impending motion. *See id.* at 159. And nothing in the Third Circuit's opinion in *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90 (3d Cir. 2008) treats the issue of substantial compliance under Rule 11. As the Third Circuit held in *In re Schaefer Salt*, the "purpose of the safe harbor is to give parties the opportunity to correct their errors" – and Rosellini and H&C had their opportunity.

Second, the Court did not commit clear error by holding that Victor Mondelli could not appeal orders to which he consented. Rosellini does not even argue that the Court was clearly erroneous in its application of the law. Instead, he raises new arguments – all of which are fact-based – for the first time in his motion for reconsideration. As such, they are inappropriate grounds for this Court to reconsider. Even if the Court were to consider them, Rosellini is grasping at straws. For example, whether *Anna* Mondelli had notice of the consent orders is not probative of whether *Victor* Mondelli assented to those orders. And Rosellini presents no factual or legal support for his argument that Mondelli was so incapacitated that he lacked the capacity to contract even with legal representation, nor has he adequately alleged any facts to suggest undue economic duress.

Finally, the Court's holdings and restatement of the procedural background of this case in its March 29, 2011 Opinion and its earlier opinions, are hardly libelous and work no manifest injustice.

## II.  BRP and JRSM's New Rule 11 Motion

Rule 11 provides that attorneys may be sanctioned if they, among other things, fail to make a reasonable inquiry into the legal legitimacy of a pleading. Fed. R. Civ. P. 11(b)(2) & (c); *Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account*, 618 F.3d 277, 297 (3d Cir. 2010). A district court must determine whether the attorney's conduct was objectively reasonable under the circumstances. *Id*. Sanctions are to be applied only "in the 'exceptional circumstance' where a claim or motion is patently unmeritorious or frivolous." *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (citation omitted). It must not be a penalty against merely unsuccessful litigants, and it "should not be applied to adventuresome, though responsible,

---

[2] The Court notes that neither Rosellini nor H&C raised the safe harbor issue in contesting the initial motion for sanctions; rather, the Court considered the issue *sua sponte*, as it noted in its March 29, 2011 Opinion.

lawyering which advocates creative legal theories." *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 94 (3d Cir. 1988) (citation omitted).

In its March 29, 2011 Opinion, the Court found that Rosellini had violated Rule 11(b)(2) by failing to make satisfactory legal inquiries into the appeal prior to advocating it. But the present motions for reconsideration are not so egregious as the briefing supporting the appeal. Here, Rosellini appears to have made a reasonable inquiry into the factual and legal basis of his arguments prior to moving for reconsideration – including legal research that, had it been included in some of the prior briefing, might have weighed against the imposition of sanctions. That his arguments have failed and that the Court has rejected his interpretation of legal precedent is not a basis for sanctions under Rule 11. And that Rosellini has also repeated some of his statements from his prior briefing do not provide a sufficient ground for imposing sanctions; of course had Rosellini been more concise, he could have avoided exceeding the page limits established by the local rule.

### III. Conclusion

For the above reasons, the motions for reconsideration and the motion for sanctions are denied. An appropriate order follows.

                                              /s/ William J. Martini
                                    **WILLIAM J. MARTINI, U.S.D.J.**